```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

RICKY COOK,

                        Plaintiff,

vs.                                Case No. 2:10-cv-575-FtM-29SPC

MIKE SCOTT, MBA, Lee County Sheriff,
Individual and Official Capacity and
WARDEN OF LEE COUNTY DETENTION
CENTER, in his individual and
official capacity,

                        Defendant.
_____

## ORDER OF DISMISSAL

This matter comes before the Court upon initial review of the file, which was transferred by the United States District Court for the Northern District of Florida (Doc. #5). Plaintiff Ricky Cook ("Plaintiff" or "Cook"), who is incarcerated in prison,[1] initiated this action by filing a *pro se* Civil Rights Complaint Form pursuant to 42 U.S.C. § 1983 (Doc. #2, Complaint). The Complaint is neither dated nor signed by the *pro se* Plaintiff. See generally Complaint. Plaintiff claims that his constitutional right to equal protection was violated when he sustained injuries as a result of falling from a defective stepping device while attempting to access his top bunk at the Lee County Jail. Complaint at 4. Specifically, Plaintiff alleges that on November 27, 2009, while in the custody of the Sheriff of Lee County, Plaintiff "was subjected to and sustained

---

[1]Cook initiated the action while in the custody of the Florida Department of Corrections at Mayo Correctional Institution.

life threatening injuries as a result of the defendant's negligence to maintain a safe living environment." Id. According to the Complaint, Plaintiff advised Officer Bonardo that the device which was affixed to the wall and assists inmates in accessing the top bunk "was defective and inoperable." Id. Officer Bonardo advised Plaintiff to use the device and he would "submit a work order later." Id. Plaintiff avers that "as a result of the negligence of the defendant" he used the device and it collapsed, causing Plaintiff to be transported to the Lee County Memorial Hospital, where he was treated for "multiple nerve injuries, and a neck contusion as a result of his fall." Id. Plaintiff states that he continues to suffer from "constant neck pains, chest pains, and dizziness." Id. Plaintiff names Mike Scott, the current Sheriff of Lee County in both his individual and official capacities, as the sole defendant. As relief, Plaintiff seeks compensatory damages in the amount of $15,000,000.00 for the "permanent pain and suffering" and loss of future income resulting from defendant's "wanton and deliberate negligence." Id. at 5. Plaintiff seeks leave to proceed *in forma pauperis* in this action. See Affidavit of Indigency (Doc. #2).

I.

The Prison Litigation Reform Act requires that the Court review all complaints filed by prisoners against a governmental entity to determine whether the action is "frivolous, malicious, or

fails to state a claim upon which relief can be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a),(b)(1),(b)(2). In essence, § 1915A is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing a complaint, however, the Court accepts the allegations in the complaint as true, Boxer v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), and applies the long established rule that *pro se* complaints are to be liberally construed and held to a less stringent standard than pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007)(citations omitted). Pursuant to § 1915A, the Court "shall" dismiss the complaint, if, *inter alia*, it fails to state a claim upon which relief may be granted. § 1915A(b)(l). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915A(b)(l). Jones v. Bock, 549 U.S. 199, 215-16 (2007); Leal v. Ga. Dep't of Corrs., 254 F.3d 1276, 1278-79 (11th Cir. 2001).

Consequently, the Court must accept all factual allegations in Plaintiff's Complaint as true and take them in the light most favorable to the plaintiff. Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008). Conclusory allegations, however, are not entitled to a presumption of truth. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1951 (2009)(discussing a 12(b)(6) dismissal); Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 n.16 (11th Cir.

2001). The Court employs the Twombly-Iqbal plausibility standard when reviewing a complaint subject to a motion to dismiss. Randall v. Scott, 610 F.3d 701, 708, n.2 (11th Cir. 2010). A claim is plausible where the plaintiff alleges facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007); Marsh, 268 F.3d at 1036 n.16. Specifically, although a complaint "does not need detailed factual allegations . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (citations omitted). Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. Ashcroft, 129 S. Ct. at 1949. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Id. Additionally, there is no longer a heightened pleading requirement. Randall, 610 F.3d at 701. The Court may dismiss a case when the allegations in the Complaint on their face demonstrate that an affirmative defense bars recovery of the claim. Marsh, 268 F.3d at 1022.

**II.**

Plaintiff files this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 imposes liability on anyone who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws." To state a claim under 42 U.S.C. § 1983, Plaintiff must allege: (1) that the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998); U.S. Steel, LLC v. Tieco, Inc., 261 F.3d 1275, 1288 (11th Cir. 2001).  In addition, Plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. Marsh, 268 F.3d at 1059; Swint v. City of Wadley, 51 F.3d 988 (11th Cir. 1995); Tittle v. Jefferson County Comm'n, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The Court finds that the Complaint is deficient in several respects.  At the outset, the Complaint is not signed.  Fed. R. Civ. P. 11(a).  Further, the Court cannot conceive of an Equal Protection claim arising from the facts alleged *sub judice*. Liberally construing the Complaint, to the extent Plaintiff alleges an Eighth Amendment claim against Defendant Scott stemming from the defective stepping device, the Eighth Amendment's prohibition against cruel and unusual punishment prohibits the "unnecessary and

wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992); Rhodes v. Chapman, 452 U.S. 337, 345-46 (1981); Estelle v. Gamble, 429 U.S. 97, 102 (1976).[2]  The court employs a two-part analysis in determining whether the conditions of a plaintiff's confinement violate the Eighth Amendment.  Hudson, 503 U.S. at 8. First, a condition must be objectively and sufficiently serious, or "extreme," to constitute a denial of the "minimal civilized measure of life's necessities."  Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010)(quoting Farmer v. Brennan, 511 U.S. 825 (1994)(internal citations omitted)).  Second, a plaintiff must come forward with some factual allegations to show that the defendant official "acted with a sufficiently culpable state of mind."[3] Id. (citations omitted).  In other words, a plaintiff must show the defendant acted with "deliberate difference."  Id. Significantly, a defendant must: (1) have subjective knowledge of

---

[2] The Court assumes Plaintiff was pretrial detainee while at the Lee County Jail and entitled to the protections of the Fourteenth Amendment.  Although the Eighth Amendment's proscriptions apply only to convicted prisoners, it well settled that the same level of protection under the Eighth Amendment is afforded by the due process clause of the Fourteenth Amendment. Hamm v. DeKalb County, 774 F.2d 1567, 1573-74 (11th Cir. 1985).

[3] Notably, there are three distinct Eighth Amendment claims available to prisoner plaintiffs: conditions of confinement, excessive force, and deliberate indifference to a prisoner's serious medical needs.  Thomas, 614 F.3d at 1303.  Here, the Amended Complaint does not allege any claims concerning excessive use of force or failure to provide medical treatment after Plaintiff's fall.  To the contrary, the Complaint states that Plaintiff promptly received medical attention after the fall.

a risk of harm; (2) disregard that risk; and (3) engage in conduct that rises above mere negligence. The Court employs a "totality of conditions" test to determine if the conditions of confinement amount to a constitutional deficiency. <u>Wilson v. Blankenship</u>, 163 F.3d 1284 (11th Cir 1998).

Here, Plaintiff's claim fails to raise to the level of an Eighth Amendment violation. There are no facts in the Complaint establishing that the broken stepping device was a danger that was "sufficiently serious" that rises above the level of mere negligence, was not an isolated act of negligence, or was anything more than an accident. <u>See</u> <u>Brown v. Pastrana</u>, No. 08-20631-CIV, 2008 WL 4097615 (S.D. Fla. Sept. 4, 2008)(noting that "providing Plaintiff a bunk bed without railings which is accessed via a steep metal ladder without safety devices, and the lack of a 'panic button' in the event of need for immediate medical attention" are not "so grave that exposure to those conditions violate contemporary standards of decency."). <u>See also</u> <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986)("[I]t is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishments Clause" of the Eighth Amendment). Indeed, Plaintiff acknowledges that his injuries were the result of Defendant's "wanton and deliberate negligence." Allegations of negligence do not amount to deliberate indifference within the purview of the Eighth Amendment. <u>Estelle</u>, 429 U.S. at

106, Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). Instead, Plaintiff's claim amounts to a State court claim for negligence, at most. Thus, any remedy for this type of injury should be pursued in the State courts.

Moreover, the Complaint contains no facts alleging that Defendant Scott knew that the stepping device was defective. Thus, the Complaint fails to allege a causal connection between Defendant Scott and any alleged act of wrongdoing. Finally, the Complaint does not allege a custom, policy, or practice; and, Defendant Scott cannot be held liable under § 1983 on a *respondeat superior* or vicarious liability basis. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978).

ACCORDINGLY, it is hereby

**ORDERED**:

1. Plaintiff's Complaint (Doc. #2) is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

2. The Clerk of Court shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida, on this __28th__ day of December, 2010.

JOHN E. STEELE
United States District Judge

SA: hmk
Copies: All Parties of Record